**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
HIRAM R. JOHNSTON, JR.,            :
                                   :  Civil Action No. 13-6947(NLH)
            Petitioner,            :
                                   :
        v.                         :  **OPINION**
                                   :
LAWRENCE ARTIS, Warden,            :
                                   :
            Respondent.            :
_____:


**APPEARANCES:**

Hiram R. Johnston, Jr.
Burlington County Detention Center
P.O. Box 6000
54 Grant Street
Mount Holly, NJ  08060
    Petitioner pro se


**HILLMAN**, District Judge

    Petitioner Hiram R. Johnston, Jr., a pre-trial detainee confined at the Burlington County Detention Center in Mount Holly, New Jersey, has filed[1] a Petition for a writ of habeas

---

[1] The Petition is dated September 7, 2012, and was received in the Clerk's Office on September 19, 2012.  It was not docketed until November 15, 2013.  To the extent there is any confusion as to the date the Petition was filed, this Court deems the Petition filed as of September 7, 2012, pursuant to the federal "mailbox rule."  See Houston v. Lack, 487 U.S. 266 (1988) and Burns v. Morton, 1334 F.3d 109 (3d Cir. 1998).  See

corpus pursuant to 28 U.S.C. § 2241.[2]  The sole respondent is Warden Lawrence Artis.

Because it appears from a review of the Petition that Petitioner is not entitled to relief, the Petition will be dismissed.  See 28 U.S.C. § 2243.

I. BACKGROUND

Petitioner asserts that on November 16, 2010, he was indicted by a New Jersey grand jury on the charge of Terroristic Threats, in violation of N.J.S.A. § 2C:12-3b.  Thereafter, while the New Jersey charges were pending, he was removed to the Commonwealth of Pennsylvania to face parole revocation charges.  Apparently as a result of a parole revocation in Pennsylvania, he was confined at the State Correctional Institution at Frackville, Pennsylvania.  On May 4, 2012, while confined in Pennsylvania, Petitioner made a formal request under the Interstate Agreement on Detainers Act for final disposition of

---

also Woodson v. Payton, 503 F.App'x 110, 112 n.3 (3d Cir. 2012) (citing both Houston and Burns).

[2] Section 2241 provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
> (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

the untried New Jersey charges. In response to the request, Petitioner was transported to the Burlington County Detention Center to await trial. Petitioner contends that he was transported without any of his legal papers, apparently including papers related to his attempts to have the New Jersey charges dismissed. Petitioner further asserts that the Burlington County Detention Center has no "legal access program."[3] Petitioner states that on September 5, 2012, two days before he mailed this Petition, he filed in his pending New Jersey criminal matter a "Motion for Legal Access."

Petitioner asks this Court to dismiss all pending New Jersey charges against him and to return him to the Commonwealth of Pennsylvania, where he contends he is to be promptly released on parole.

II.  STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

---

[3] Petitioner does not state whether he is represented by counsel with respect to the untried New Jersey charges.

3

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). See also Higgs v. Attorney General of the U.S., 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established." (citing Estelle and Haines)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Denny v. Schultz, 708 F.3d 140, 148 n.3 (3d Cir. 2013). See also 28 U.S.C. §§ 2243, 2255.

### III. ANALYSIS

Addressing the question whether a federal court should ever grant a pre-trial writ of habeas corpus to a state prisoner, the Court of Appeals for the Third Circuit has held:

(1) federal courts have "pre-trial" habeas corpus jurisdiction;

> (2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present ... ;
>
> (3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

Moore v. DeYoung, 515 F.2d 437, 443 (3d Cir. 1975) (citations omitted), followed in Duran v. Thomas, 393 F.App'x 3 (3d Cir. 2010).

In general, exhaustion is required of a state pre-trial detainee seeking a federal writ of habeas corpus. In the absence of exhaustion, this Court should exercise pre-trial habeas jurisdiction only if "extraordinary circumstances are present." See Duran, 393 F.App'x 3 at *4-*5.

Petitioner filed this Petition only two days after submitting with the state trial court a motion for access to legal materials. Certainly, his claim of lack of access to legal materials has not been exhausted. He has not alleged any extraordinary circumstances that would justify this Court's exercise of jurisdiction at this time. Accordingly, there is no basis for this Court to intervene in this pending state criminal proceeding. Cf. Younger v. Harris, 401 U.S. 37 (1971) (holding that a federal court must abstain from addressing requests for injunctive relief against state criminal proceedings so long as

the constitutional issues involved may be addressed adequately in the course of the state proceedings); Evans v. Court of Common Pleas, Delaware Co., Pennsylvania, 959 F.2d 1227 (3d Cir. 1992), cert. dismissed, 506 U.S. 1089 (1993) (relying upon both Moore and Younger to affirm denial of habeas relief to state prisoner awaiting retrial following reversal of conviction for evidentiary errors); Bey v. Cohen, Civil No. 13-1301, 2013 WL 948613 (D.N.J. Mar. 11, 2013) (relying upon both Moore and Younger to deny habeas relief to state pre-trial detainee).

## IV. CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice. An appropriate order follows.

At Camden, New Jersey                   s/ Noel L. Hillman
                                                 Noel L. Hillman
                                                 United States District Judge

Dated: November 19, 2013